**FILED**
United States Court of Appeals
Tenth Circuit

August 11, 2006

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MERL WILLIAM HICKMAN, SR.,

    Defendant - Appellant.

No. 06-6068
(D.C. No. 06-CV-00005-L)
(D.C. No. 04-CR-00090-L)
(W.D. Okla.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

A true copy

Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit

By _____
Deputy Clerk

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Defendant-Appellant Merl William Hickman, Sr., a federal inmate proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (submitted for filing on December 27, 2005). Mr. Hickman pled guilty to money laundering, 18 U.S.C. § 1957, and was sentenced to 97 months on November 22, 2004. Shortly thereafter, he pled guilty in state court to sixteen counts of obtaining money by false pretenses and received a sentence on December 27, 2004, of ten years on each count, to run consecutive to one another and consecutive to the federal sentence. Because we determine that Mr. Hickman has not made a "substantial showing of the denial of a constitutional right," 28

U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

In his motion, Mr. Hickman attacked his state sentence. The district court concluded that it would not stay the matter and hold it in abeyance even if it were to construe the § 2255 motion as a § 2254 petition attacking the state convictions. After considering the factors in Rhines v. Weber, 544 U.S. 269, 277-78 (2005), the district court determined that the state claims had not been exhausted, and were either not cognizable in habeas or not sufficiently meritorious to warrant a stay. The district court did not pass on the diligence of Mr. Hickman. Thereafter, the district court declined to treat the motion under § 2254, and denied it pursuant to § 2255 because it did not challenge the federal sentence.

We think it is apparent that the motion is seeking § 2254 relief and should be recharacterized to correspond with its substance. See Castro v. United States, 540 U.S. 375, 381-82 (2003). On appeal, Mr. Hickman maintains that he filed a motion for appointment of counsel on appeal with the state, which he claims was ignored. He contends that he tried to exhaust his state remedies, but then went to the next level, federal court. He also argues the merits of his claims relating to his state sentence.

Rhines dealt with mixed petitions. Traditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). It is

theoretically true that a federal habeas court could deny a petition containing totally unexhausted claims. 28 U.S.C. § 2254(b)(1)(A). However, stay and abeyance of totally unexhausted petitions increases the temptation to decide unexhausted claims and decreases the incentive to exhaust first. See Rhines, 544 U.S. at 277; Rose v. Lundy, 455 U.S. 509, 519 (1982). We need not decide whether the procedure in Rhines applies to totally unexhausted petitions. If Rhines applies, the district court certainly did not abuse its discretion in declining to stay this matter given the nature of the claims. Regardless, given that the claims are entirely unexhausted, the § 2254 petition should be dismissed without prejudice. We order the district court to amend its order to recharacterize the § 2255 motion as a § 2254 petition and dismiss it without prejudice.[1]

We DENY the COA, GRANT Mr. Hickman's request to proceed IFP, and DISMISS the appeal.

                                               Entered for the Court

                                               Paul J. Kelly, Jr.
                                               Circuit Judge

---

[1] We recognize that a subsequent § 2254 motion probably will be time barred, but do not pass on that issue.

**United States Court of Appeals for the Tenth Circuit**
OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

August 11, 2006

Merl William Hickman, Sr.
FTC-Oklahoma City
#15726-064
P.O. Box 898801
Oklahoma City, OK 73189-8801

Ms. Susan Dickerson Cox
Asst. U.S. Attorney
Office of the United States Attorney
210 W. Park Avenue
Suite 400
Oklahoma City, OK 73102

Mr. Robert D. Dennis
Clerk
United States District Court for the W. District of Oklahoma
200 NW Fourth Street
Room 1210 United States Courthouse
Oklahoma City, OK 73102

    Re:    06-6068, United States v. Hickman
            Dist/Ag docket: 06-CV-00005-L,
            04-CR-90-L,

Dear Mr. Hickman, Mr. Dennis and Counsel:

    Enclosed is a copy of a final order dismissing the appeal(s) entered today in the captioned case.

    Please contact this office if you have questions.

                      Sincerely,

                      Elisabeth A. Shumaker
                      Clerk, Court of Appeals

                    By:    Deputy Clerk

clk:bjv

cc:
    Timothy D. Leonard, District Judge